ROBERT F. ZUMSTEIN and MAVIS W. ZUMSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zumstein v. Commissioner
Docket No. 6530-70.
United States Tax Court
T.C. Memo 1973-45; 1973 Tax Ct. Memo LEXIS 242; 32 T.C.M. (CCH) 198; T.C.M. (RIA) 73045; February 22, 1973, Filed Henry B. Steagall, II, for the petitioner. Richard D. Hall, Jr., for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioners' income tax for the years 1967 and 1968 in the respective amount of $555 and $762.72. The sole issue presented for our decision is whether payments made by petitioner Robert F. Zumstein to a trust as rental for property, 2 which he had previously transferred to the trust *243 and leased back for his use in the practice of medicine, are deductible as ordinary and necessary business expenses under the provisions of section 162(a) (3). [1]
All of the facts are stipulated and are so found. Petitioners are husband and wife and at the time the petition herein was filed resided in Ariton, Alabama. Petitioners filed joint Federal income tax returns for the taxable years in issue with the director, southeast service center, Chamblee, Georgia. On July 1, 1966, Robert F. Zumstein, hereinafter referred to as petitioner, established a 10-year irrevocable trust for the benefit of his children. The pertinent parts of the trust instrument provide as follows: 3 TRUST AGREEMENT made July 1, 1966, between Robert F. Zumstein, of Ariton, Alabama, hereinafter called Grantor and Joe D. Laney, hereinafter called Trustee. * * * 2. DISPOSITIVE PROVISIONS. The Trustee shall hold and manage the trust property and shall apply and distribute the income and principal of the trust property in the following manner: (a) The Trustee shall pay to or apply the net *244 income from the trust property to Nancy Lynn Zumstein, Carolyn Sumstein and James F. Zumstein, children of the Grantor, and to the survivors and survivor of them in equal shares. Distribution of such income shall be made by the Trustee in such convenient periodic installments as he deems advisable but no less frequently than annually.
(b) This trust shall terminate on July 15, 1976, or upon the death of Nancy Lynn Zumstein, Carolyn Zumstein and James F. Zumstein, if all of them die before said date, or upon the death of Robert F. Zumstein, and upon termination in either of such events the principal of this trust shall be paid over to the Grantor if he is then living. (c) If the Grantor is not living at the time this trust terminates, the principal of this trust shall be paid over to the estate of the Grantor. 3. TRUSTEE'S POWERS. In the administration of the trust, the trustee shall have the following powers, all of which shall be exercised only in a fiduciary capacity primarily in the interest of the beneficiaries: (a) To hold, manage, rent, sell, convey, to collect the income therefrom, lease for a period beyond the termination of this trust, or for a less period, improve, *245 encumber or borrow on the security of, the real estate described in paragraph one of this trust. In the event that the property described in paragraph one hereinabove is sold during the term hereof under the powers contained in this paragraph, the proceeds from such sale in an amount equal to the adjusted cost basis shall revert to grantor at the termination of this trust. 4 (b) To hold and manage the property described herein and such other property as may subsequently become a part of this trust, including both real and personal property, with full power to compromise, adjust and settle in their discretion any claim in favor of or against said trust estate, with full power to collect the income therefrom and from time to time to sell, convey, exchange, lease for a period beyond the possible termination of this trust, or for a less period, improve, encumber, borrow on the security of or otherwise dispose of, all or any of said portion of said trust estate, in such manner and upon such terms and conditions as said trustee may approve, and without regard to diversification, to invest the trust property and to retain as trust property, such investments as men of prudence may *246 purchase and hold for their own account, including, but not by way of limitation, stocks, bonds, debentures, real property, and interest in investment trusts. (c) To give proxies, to deposit securities with and transfer title to committees representing security holders, and to participate in voting trusts, reorganizations, and other transactions involving the common interest of security holders. 4. PRINCIPAL AND INCOME. All profits from sale, exchange and other dispositions of its assets shall be credited to principal in determining the amount of net income for disposition. The Trustee shall make a deduction or charge against the income received from rent or real estate for reasonable depreciation of said real estate and shall set aside a reserve for such depreciation, which reserve shall constitute a part of the principal of the trust. 5. EXERCISE OF POWERS. The Trustee may freely act under all or any of the powers of this agreement given to him in all matters concerning the trust after forming his judgment based upon all the circumstances of any particular situation as to the wisest and best course to pursue in the interest of the trust and the beneficiaries hereunder, *247 without the necessity of obtaining the consent or permission of any person interested therein, or the consent or approval of any court, and notwithstanding that he may also be acting individually, or as a trustee of 5 other trusts, or as an agent for other persons or corporations interested in the same matters or may be interested in connection with the same matters as a stockholder, director, or otherwise; provided, however, that he shall exercise such powers at all times in a fiduciary capacity primarily in the interest of the beneficiaries hereunder. 6. LIMITATION ON POWERS. Notwithstanding anything herein contained to the contrary, no power enumerated herein or accorded to trustees generally pursuant to law shall be construed to enable any person to purchase, exchange, or otherwise deal with or dispose of the corpus or income of the trust for less than an adequate or full consideration in money or money's worth, or to enable any person to borrow the corpus or income of the trust, directly or indirectly, without adequate interest or security. No person, other than the trustee, shall have or exercise the power to vote or direct the voting of any stock or other securities *248 of the trust, to control the investment of the trust either by directing investments or reinvestments or by vetoing proposed investments or reinvestments, or to reacquire or exchange any property of the trust by substituting other property of an equivalent value. * * * 12. WAIVER OF RIGHT TO AMEND. The grantor hereby states that he has been advised that he may retain herein unlimited power to alter, amend or revoke the terms and conditions of the trust created hereby, but nevertheless, he desires to and hereby does expressly waive all right and power to alter, amend or revoke said terms or conditions and the trust hereby created shall be irrevocable. 13. EXTENSION OF TRUST. The grantor may extend the term of the trust created hereby by written instrument delivered to the trustee and all of the terms and conditions hereof shall apply during such extended term. 14. COVENANT OF TRUSTEE. Grantor has, by warranty deed of even date herewith, conveyed the property described in paragraph one hereof to the trustee and trustee hereby acknowledges receipt of such deed. Trustee covenants and agrees that the property conveyed to him by such deed is to be held by him pursuant to *249 the terms of this trust instrument. 6 Pursuant to the trust instrument, the property occupied and used by petitioner in his medical practice was conveyed to the trustee on July 1, 1966. On the same day the trustee leased the medical office property back to petitioner. The lease provided for a monthly rental of $150, payable on or before the tenth day of each month, for an initial term of one year. Rent payments were not made in accordance with the terms of the lease however, and there is no evidence that the trustee has ever taken any action to enforce its terms. The following schedule shows details: Amount Due Under Lease
Amount Paid
Dates Paid Period
1966
$ 900.00
No payments
1967
1,800.00
900.00
May, 15, 1967
July-Dec. 1966
1968
1,800.00
1,800.00
March 9, 1968
Jan.-Dec. 1967
The lease also contained an option clause under which the petitioner-lessee could renew the lease for a period of one year, "such option to renew to continue from year to year for a period of nine years." The option clause further provided that 7 all extensions of the lease were to be at a monthly rental to be agreed upon by the lessor and *250 lessee, "except that if Lessor and Lessee fail to agree, then the rent during any period of renewal shall remain the same as that provided for the primary term." We find as an ultimate fact that this exception deprived the trustee-lessor of all independence regarding the trust res. Petitioners in their joint tax returns for the years 1967 and 1968 claimed business expense deductions for the amounts paid as rent to the trust. Respondent disallowed these rental expense deductions "[since they do not] constitute ordinary and necessary business expense." An appeal from our decision in the instant case lies solely to the Fifth Circuit [2] which has denied the taxpayer a business expense deduction in a line of cases which are factually indistinguishable from the case now before us. Van Zandt v. Commissioner, 341 F.2d 440 (C.A. 5, 1965), affirming 40 T.C. 824; Chace v. United States, 303 F. Supp. 513 (M.D. Fla. 1969), affd. 422 F.2d 292 (C.A. 5, 1970); Audano v. United States, 428 F.2d 251 (C.A. 5, 1970); Furman v. Commissioner, 381 F.2d 22 (C.A. 5, 1967, affirming per curiam 45 T.C. 360 (1966). *251 Under the rule in Jack E. Golsen, 8 54 T.C. 742 (1970), affd. 445 F.2d 985 (C.A. 10, 1971), certiorari denied 404 U.S. 940 (1971), we are required in the instant case to follow the Fifth Circuit's decisions and we therefore hold that petitioners are not entitled to rental deductions for payments made to the trustee. Decision will be entered for the respondent. Footnotes
1. Unless otherwise specified, all statutory references are to the Internal Revenue Code of 1954. ↩
2. Sec. 7482(b) (1). ↩